IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT L. RANGEL, ET AL. | § | |
| Vs. | § | CIVIL ACTION NO. 9:07CV211 |
| UNION PACIFIC RAILROAD COMPANY | § | |

8:08cv469

ORDER

Plaintiffs Robert Rangel, Billy Hill and Martin Castillo filed the above-styled lawsuit on September 10, 2007, in the Eastern District of Texas, Lufkin Division. The matter was referred to the undersigned to conduct pretrial proceedings in accordance with 28 U.S.C. § 636. On April 18, 2008, Defendant filed a Motion to Transfer Venue as to Plaintiff Robert L. Rangel (document #33). A response was filed by Rangel on April 30, 2008. Finding that the matter should be stayed pending a decision by the Fifth Circuit on the petition for rehearing *en banc* in *In re Volkswagen*, 506 F.3d 376 (5th Cir.2007), the undersigned issued an Order on May 12, 2008 staying the motion to transfer and the claims of Rangel. The Fifth Circuit subsequently issued its decision on October 10, 2008. *See In re Volkswagen*, Case No. 07-40058, ___ F.3d ___ (5th Cir.2008). For the reasons assigned below, the undersigned finds that the stay should be lifted and the motion to transfer Rangel's claims should be granted.

*Background*

This lawsuit was filed seeking relief pursuant to the Federal Employers' Liability Act ("FELA"). Rangel states in the complaint that he was injured in the course and scope of his employment with Union Pacific Railroad Company ("Union Pacific"). He alleges that he has suffered disorders of his musculoskeletal and/or nervous systems as a result of cumulative and repetitive trauma during the course of his employment. Plaintiff asserts that his injuries resulted from Union Pacific's negligence.

Union Pacific filed a Motion to Transfer Venue (document #33). Union Pacific argues that a transfer of Rangel's claims to the District of Nebraska is appropriate in this case. Union Pacific submits that Rangel's claims have no factual connection to the Eastern District of Texas, in that Plaintiff has never lived in Texas, worked in Texas or received any medical treatment in Texas. Plaintiff worked in Omaha, Nebraska for the first eight years of his employment beginning on February 14, 1974 and then worked in North Platte, Nebraska until his employment ended in January 2005. Union Pacific asserts that the District of Nebraska is a more convenient forum for this case than the Eastern District of Texas and seeks a transfer pursuant to 28 U.S.C. § 1404(a).

Rangel filed his response on April 30, 2008. Plaintiff submits that a transfer would cause unnecessary delay. Plaintiff also asserts that independent medical examinations were conducted in Texas. Plaintiff submits that Defendant must show that the balance of convenience and justice substantially weighs in favor of transfer and that Defendant has failed to do so. Addressing the private and public interest factors, Plaintiff argues that his choice of forum is a substantive right under the FELA; Nebraska witnesses can be deposed for presentation at trial; the complained of negligent acts or omissions have occurred throughout the country and do not involve a single

occurrence; the Lufkin Division is more convenient for counsel; the problem of transporting witnesses is lessened by the fact that Defendant is a railroad; there is a substantial public interest in all districts where the railroad operates; transfer would cause delay and force Rangel to litigate his case where Defendant has strong political and financial ties; and the Eastern District of Texas has a history of timely and efficient resolution of cases.

In reply, Union Pacific again argues that the Eastern District of Texas has no connection to Rangel's alleged injuries. Union Pacific also submits that Rangel's Nebraska healthcare providers are the key witnesses and that the trial of this case in the Eastern District of Texas would be far more expensive.

## Discussion and Analysis

Defendant seeks a transfer of this case to the District of Nebraska pursuant to 28 U.S.C. § 1404(a), which allows the Court, in its discretion, to transfer a case to any other district where it might have been brought. The purpose of § 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Id. at 616*. The decision whether to transfer a case is within the sound discretion of the district court. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966). Section 1404 "tempers the effects" of a plaintiff's privilege to file suit in any judicial division deemed appropriate under the venue statute. *In re Volkswagen*, No. 07-40058, slip op. p. 10, ___ F.3d ___ (5th Cir.2008). Although Rangel argues that more deference should be afforded to a plaintiff's choice of forum in a FELA lawsuit, there is not a separate venue transfer statute for FELA claims. Indeed, "Congress cited a FELA case as an example of the need for such a provision, and courts have consistently held that § 1404(a) applies to all actions, not just those listed in the general venue provisions." *Robertson*

*v. Kiamichi Railroad Co., L.L.C.*, 42 F.Supp.2d 651, 654 (E.D.Tex.1999).

The first issue for consideration when deciding whether a transfer is appropriate is, "whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir.), *cert. denied*, 540 U.S. 1049, 124 S.Ct. 826 (2003). A lawsuit "might have been brought" in a district and division where the jurisdictional and venue requirements are satisfied. *Van Dusen v. Barrack*, 376 U.S. 612, 621-22, 84 S.Ct. 805, 810-11 (1964). Pursuant to 45 U.S.C. § 56, a FELA lawsuit, "may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." The parties do not dispute that jurisdiction and venue would be permitted, in accordance with 45 U.S.C. § 56, in the District of Nebraska.

Next, the burden is placed on the movant to show why the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d at 698. Rangel applies an incorrect standard in his response brief. Rangel asserts that Union Pacific must prove that the balance of convenience and justice substantially weighs in favor of transfer. The standard applied by Rangel, however, is the more demanding requirement of *forum non conveniens*. The "heavy burden traditionally imposed upon defendants by the *forum non conveniens* doctrine – dismissal permitted only in favor of a substantially more convenient alternative – was dropped in the § 1404(a) context." *In re Volkswagen*, No. 07-40058, slip op. p. 11 (*citing Veba–Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1247 (5th Cir.1983)). Rather, the proper standard is whether the movant has shown good cause for a transfer. *Id.* at p. 12. The burden is on the movant to "satisfy the statutory requirements and clearly demonstrate that a

transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (citing 28 U.S.C. § 1404(a)). The movant's burden of showing good cause "reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *Id.*

There are essentially two categories of factors to be considered: factors relating to the convenience of parties and witnesses, referred to as private interest factors, and factors relating to the public interest in the fair and efficient administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S.Ct. 839, 843 (1947);[1] *Walter Fuller Aircraft Sales v. The Rep. Of the Philippines*, 965 F.2d 1375, 1389 (5th Cir.1992). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen*, No. 07-40058, slip op. p. 13 (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004). Factors to consider concerning the public interest include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* The location of counsel is irrelevant to a decision on transfer of venue and is improper for consideration. *In re Horseshoe Entertainment*, 337 F.3d at 434. These factors are a guide and are not necessarily exhaustive or exclusive. *In re Volkswagen*, No. 07-40058, slip op. p. 13.

---

[1] Although the *Gilbert* case was a *forum non conveniens* case, the private and public interest factors set forth in *Gilbert* are appropriate for a determination of whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interests of justice. *In re Volkswagen*, No. 07-40058, slip op. p. 13 (citing *Humble Oil Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir.1963)).

*Convenience Factors*

*Location of Sources of Proof*

The first factor is the accessibility and location of sources of proof. Typically, the location of documents and business records is given little weight, unless the documents are "so voluminous that their transport is a major undertaking." *Dupre,* 810 F.Supp. at 827. In this case, no records are located in the Eastern District of Texas. Plaintiff alleges that he was injured during his employment and none of his employment took place in the Eastern District of Texas. Likewise, none of Rangel's medical care occurred in the Eastern District of Texas. Rangel's treating physicians are in North Platte, Nebraska. Court-ordered independent medical exams took place in Houston, Texas, which lies in the Southern District of Texas. None of the sources of proof are located in the Eastern District of Texas. This factor weighs in favor of a transfer.

*Availability of Compulsory Process*

Courts should consider the availability and convenience of witnesses and parties, including the availability of compulsory process. Courts commonly consider the availability, convenience and cost of witnesses as one of the most important considerations. *Gardipee v. Petroleum Helicopters, Inc.,* 49 F.Supp.2d 925, 928 (E.D.Tex.1999) (citing *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993)); *TV-3, Inc.,* 28 F.Supp.2d at 411 (citing *Fletcher v. Southern Pacific Trans. Co.*, 648 F.Supp. 1400, 1401-02 (E.D.Tex.1989)); *Reed,* 995 F.Supp. at 714; *Gundle Lining Construction Corp.,* 844 F.Supp. at 1166.

None of the witnesses identified by either party are located within the Eastern District of Texas. Any non-party witness unwilling to appear at trial would be outside of the 100-mile subpoena radius if the trial is in Lufkin, Texas. This factor weighs in favor of a transfer.

*Cost of Attendance for Willing Witnesses*

The third factor concerns the cost of attendance for willing witnesses. It is axiomatic that it is more convenient for witnesses to attend trial close to home. "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which fact witnesses must be away from their regular employment." *In re Volkswagen AG*, 371 F.3d at 205. In addition to the monetary costs associated with travel, witnesses suffer personal costs associated with being away from work, family and community. *In re Volkswagen*, No. 07-40058, slip op. p. 16. For a trial in the Eastern District of Texas, all witnesses will be required to travel. It appears that the majority of potential witnesses are located within the District of Nebraska. With none of the witnesses located in this district, the convenience of the witnesses and parties overall favors a transfer.

*Practical Considerations*

The final private interest factor encompasses all other practical problems that make trial of a case easy, expeditious and inexpensive. There has been no showing that a venue transfer to Nebraska would cause the trial of this matter to be more difficult, slower and more expensive for the parties.

<u>*Public Interest Factors*</u>

As previously stated, the public interest factors include issues such as relative court congestion, community nexus to the lawsuit resulting in a local interest in adjudicating the dispute, the familiarity of the forum with the law that will govern the case and the desire to avoid any conflict of law issues.

In this case, the District of Nebraska has a superior interest in adjudicating this dispute.

Rangel's employment occurred in the District of Nebraska and Plaintiff is a resident of the District of Nebraska. The Eastern District of Texas, on the other hand, has no connection to the facts giving rise to this lawsuit. Plaintiff has not lived or worked here and did not acquire his injury here. There are no conflict of laws issues in this case because this lawsuit is brought under federal law. There has been no showing that the District of Nebraska's docket is so congested, as compared with the Eastern District of Texas, Lufkin Division, that it would be burdensome to transfer this case there.

Balancing all of these various factors, the undersigned is of the opinion that Defendant has satisfied its burden of showing good cause for a transfer. The Eastern District of Texas is not a convenient forum for this case. The lawsuit should be transferred to the District of Nebraska. It is accordingly

_____**ORDERED** that the STAY imposed on the claims of Robert L. Rangel is **LIFTED**. It is further

**ORDERED** that the Defendant's Motion to Transfer Venue (document #33) is **GRANTED**. The claims of **Robert L. Rangel** are hereby **TRANSFERRED** to the District of Nebraska pursuant to 28 U.S.C. § 1404(a).

So **ORDERED** and **SIGNED** this **15** day of **October, 2008.**



JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE