IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

ROBERT L. RANGEL,              )
                               )
              Plaintiff,       )              8:08CV469
                               )
        v.                     )
                               )
UNION PACIFIC RAILROAD         )                 ORDER
COMPANY,                       )
                               )
              Defendant.       )
_____)


        Before the Court are the following motions:

        1) Defendant's motion in limine for
        an order excluding the testimony of
        plaintiff's expert (Filing No. 109)
        together with supporting briefs
        (Filing No. 110) and index of
        evidence (Filing No. 111);
        plaintiff's answer brief and
        supporting index of evidence
        (Filing Nos. 124 and 125); and
        defendant's reply brief and
        supporting index of evidence
        (Filing Nos. 127 and 128).

        2) Defendant's motion in limine re
        formal ergonomics program (Filing
        No. 112), together with supporting
        brief (Filing No. 113) and index of
        evidence (Filing No. 114);
        plaintiff's brief in opposition
        (Filing No. 124) and supporting
        index of evidence (Filing No. 125);
        and defendant's reply brief (Filing
        No. 127), and further index of
        evidence (Filing No. 128).

        3) Plaintiff's motion in limine to
        strike the testimony of defendant's
        retained expert (Filing No. 115),
        index of evidence (Filing No. 116),
        and supporting brief (Filing No.
        117); defendant's brief in
        opposition (Filing No. 121),
        together with index of evidence
        (Filing No. 122).

Hearing was held on August 17, 2009, with respect to each of these motions.  During the course of the hearing, the plaintiff withdrew his motion (Filing No. 115) to strike the testimony of defendant's expert.  Accordingly that motion is no longer before the Court and plaintiff's motion to withdraw said motion will be granted.

During the course of the hearing, the parties agreed that each of the identified experts were qualified experts in the area of ergonomics.  Accordingly, that threshold issue is no longer before the Court.

The plaintiff's claimed injuries in this case are limited to a shoulder injury.  Therefore, the testimony of the experts as it relates to ergonomic programs must be limited to such programs that relate to a shoulder injury such as that sustained by the plaintiff.  As plaintiff's expert's report covered several plaintiffs, much of it is irrelevant to the issues before the Court in connection with Mr. Rangel.  While the Court isn't going to carve out of Dr. Andres expert report, those portions which the Court will not permit him to testify about, the Court will enforce this order and preclude testimony which is not relevant to the shoulder injury.

The plaintiff's expert is not qualified to testify to medical causation and he will not be permitted to testify as to the proximate cause of any injury sustained by the plaintiff. The opinions which the plaintiff seeks to develop with Dr. Andres begin at the bottom of page 41 and continue to page 42 of his

report.  The Court has been advised that the two opinions at the top of page 42 will not be sought from Dr. Andres during his testimony.  This leaves the two opinions at the bottom of page 41 and the five opinions in the middle of page 42.  To the extent that those latter five opinions relate to the low back, Dr. Andres will not be permitted to express an opinion.  The sole injury involved in this case is the shoulder injury and the testimony of Dr. Andres insofar as it relates to the ergonomics of his work place must be limited to that issue.

In view of the agreement of the parties that both Dr. Andres and Dr. Weames are qualified ergonomic experts, any further rulings of this Court with respect to their testimony necessarily will have to be reserved until the trial of the case as the testimony is developed.  In particular, this testimony will be subject to the application of Fed.R.Evid. 401, 403, 702 and 703.

Addressing defendant's motion (Filing No. 112) for an order excluding all testimony, evidence and argument regarding the need of the defendant for a formal ergonomic and/or medical management program, the Court has concluded that this motion should be denied.  In this case, the issue is whether the defendant has provided the plaintiff with a reasonably safe working place, which would include safe equipment, proper training and suitable methods to perform assigned work.  The FELA does not require an employer to exercise "the highest degree of care," but only the same degree of care as ordinary, reasonable

persons would exercise in similar circumstances.  *See Peyton v. St. Louis Southwestern Railway Co.*, 962 F.2d 832 (8th Cir. Ark. 1992).  As discussed in *Davis v. Burlington Northern, Inc.*, 541 F.2d 182 (8th Cir. 1976), the carrier's duty is measured by what a reasonably prudent person should or could have reasonably anticipated as occurring under like circumstances, all of this, as it relates, of course, to providing a reasonably safe working place.

In reviewing the testimony of the two experts, it appears to the Court that this issue involves consideration of what, if any, ergonomics program is necessary to create a reasonably safe work place  Accordingly,

IT IS ORDERED:

1) Plaintiff's motion in limine (Filing No. 115) is deemed withdrawn.

2) Defendant's motion in limine (Filing No. 112) to exclude Dr. Andres' testimony is denied, although it will be limited as discussed at the hearing and in this order.  Ruling on specific opinions remaining is reserved to time of trial.

3) Defendant's motion in limine (Filing No. 109) is denied.

DATED this 25th day of August, 2009.

BY THE COURT:

/s/ Lyle E. Strom

LYLE E. STROM, Senior Judge
United States District Court